IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PHILBERT GRAIG GRINSTEAD**                                                                                **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 3:15-CV-89-SA-SAA**

**BANK OF AMERICA, N.A.,**
**BANK OF NEW YORK MELLON, N.A., and**
**SPECIALIZED LOAN SERVICING, LLC**                                **DEFENDANTS**

**MEMORANDUM OPINION**

Before the Court is Defendant Bank of New York Mellon, N.A., and Specialized Loan Servicing, LLC's Motion to Dismiss [6] Plaintiffs' claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), for breach of contract, breach of implied covenant of good faith and fair dealings, violations of the Mississippi Consumer Protection Act, negligent impairment of credit, and fraudulent misrepresentation. Plaintiff withdrew his claim for violations of the Mississippi Consumer Protection Act in his Response in Opposition [14],[1] the Court deems such claim conceded, and will not address it further here.

*Factual Background*

On February 5, 2007, Philbert Craig Grinstead entered into a home loan agreement with Countrywide Home Loans, Inc., secured by a deed of trust for the property located at 8175 Heatherstone Drive in Olive Branch Mississippi.[2] Grinstead's home loan was serviced by Bank of America, N.A. In 2008 Grinstead attempted to pay his Desoto County property taxes only to be informed by the County Tax Assessor that his tax bill had already been paid by his loan

---

[1] Plaintiff's Motion for Extension of Time [16] to respond is granted, and the Court has considered the Response [14] in addressing this motion.
[2] Plaintiff Grinstead allows that this property is also encumbered by a second much larger mortgage held by the Small Business Administration not relevant to this suit.

servicer, Bank of America, N.A. According to Grinstead, he had executed an escrow waiver with Bank of America, N.A. and was himself responsible for paying the property taxes. Some months later, Bank of America, N.A. began to demand payment of the tax bill for which Grinstead no longer had funds.

In 2009 Grinstead began experiencing a decrease in income and decided to pursue a loan modification. After several failed attempts to modify his loan, and apparently falling behind on his payments, Grinstead attempted to secure a loan modification through Bank of America, N.A. under the Home Affordable Mortgage Program (HAMP). According to Grinstead, he was ineligible for a modification under HAMP because Bank of America, N.A. miscalculated or intentionally inflated his monthly income.

On September 26, 2011 Countrywide Home Loans, Inc., assigned the Deed of Trust to Bank of New York Mellon; thereafter, the servicing of Grinstead's loan was transferred to Specialized Loan Servicing, LLC. Grinstead began making payments to Specialized Loan Servicing. Grinstead alleges that Bank of America, N.A. never forwarded his pending loan modification request to Specialized Loan Servicing. Specialized Loan Servicing denied Grinstead a loan modification under HAMP in January of 2015. Grinstead appealed this decision to Specialized Loan Servicing on February 26, 2015, and was asked to submit additional documentation about his income for a new review and application on March 26, 2015.

Grinstead received notice of a foreclosure sale for his property on April 20, 2015, prior to receiving any final determination about his loan modification. Grinstead filed the instant action in Desoto County Chancery Court on May 6, 2015. The action was removed to this Court by Defendants Bank of New York Mellon, and Specialized Loan Servicing, and joined by Defendant Bank of America, N.A.

Defendants Specialized Loan Servicing and Bank of New York Mellon filed the instant Motion to Dismiss for Failure to State a Claim asking for Grinstead's claims against them to be dismissed because they are based on the denial of a loan modification under HAMP for which there is no private cause of action. Based on the information brought before this Court by Grinstead, his loan modification application is still pending, and he is still in possession of his home.

*12(b)(6) Standard*

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir. 2010). While a plaintiff's complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Whether a plaintiff has stated a plausible claim for relief is "context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663, 129 S. Ct. 1937.

*HAMP and a Private Cause of Action*

The sole defense raised by the Defendants in their Motion to Dismiss is that Grinstead's claims are based on his denial for a loan modification under the HAMP program, and that there is no private cause of action under HAMP, thus barring Grinstead's claims. Although this issue has yet to be addressed directly by the Fifth Circuit, a majority of courts, including this Court, have held that HAMP does not create a private cause of action. *See Poppelreiter v. GMAC Mortgage, LLC*, No. 1:11-CV-008-A-S, 2011 WL 6100440, at *4 (N.D. Miss. Dec. 7, 2011); *Hung Quang Tran v. BAC Home Loans Servicing, LP*, No. 4:10-CV-3514, 2011 WL 5057099, at *2–3 (S.D. Tex. Oct. 24, 2011) (collecting cases). The Fifth Circuit has acknowledged, "this circuit has not precedentially resolved whether there is a private cause of action under the HAMP regulations. We have held in an unpublished opinion that there is not." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 794 (5th Cir. 2014); (citing *Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x. 548, 552 (5th Cir. 2012); *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012)). The Fifth Circuit has also addressed claims involving the early stages of negotiation and loan modification, including claims arising under Step One of the HAMP modification process, the Trial Period Plan (TPP). The TPP typically sets out a preliminary schedule of payments as a condition of obtaining a future modification along with other requirements and certifications. The Fifth Circuit has opined that a private right of action may not exist under HAMP, even with a fully executed TPP. *See Pennington*, 493 F. App'x. at 552, and *Berry v. Fed. Nat. Mortgage Ass'n*, No. 3:11-CV-1288-L, 2014 WL 982872, at *6 (N.D. Tex. Mar. 13, 2014), aff'd, No. 14-10474, 2015 WL 1746460 (5th Cir. Apr. 17, 2015). On the face of Grinstead's pleadings it is apparent that his loan modification requests remained in the early stages, and never reached the fully executed TPP stage. Also, Grinstead does not contend

that there *is* a private right of action under HAMP, but instead argues that all his claims have an independent basis in state law.

Counts II, IV, VI, and VII are brought against Bank of New York Mellon or Specialized Loan Servicing and are addressed here in successive order.

*Breach of Contract*

In Count II of his Complaint [2], Grinstead alleges that the Bank of New York Mellon, as the successor in interest to the Deed of Trust, is liable for contract breaches committed by loan servicer Bank of America, N.A. Specifically, Grinstead alleges that Bank of America, N.A. paid Grinstead's property taxes, resulting in the creation of an escrow account in spite of the grant of an escrow waiver, and in violation of the terms of the Deed of Trust, held at that time by Countrywide Home Loans, Inc. Grinstead further alleges that Bank of America, N.A. failed to notify him about the escrow account in writing, also in violation of the terms of the Deed of Trust.

To prove breach, a party must first demonstrate the existence of a valid contract. *Business Communications, Inc. v. Banks*, 90 So. 3d 1221, 1224 (¶ 10) (Miss. 2012); *Par Industries, Inc. v. Target Container Co.*, 708 So. 2d 44, 48 (¶ 8) (Miss. 1998). The Deed of Trust now held by Bank of New York Mellon with Grinstead's property as designated collateral alleges at least the existence of an assigned contract between Grinstead and Bank of New York Mellon. Bank of New York Mellon does not raise any specific challenges to Grinstead's breach of contract claim in their Motion to Dismiss, other than the defense that there is no private cause of action under HAMP. Because the Deed of Trust predates Grinstead's attempts at loan modification, and there is no direct or alleged connection between the potential contractual obligations relative to the

escrow account under Deed of Trust and HAMP, the breach of contract claim relating to the escrow account does not implicate the lack of a private cause of action under HAMP.

Viewing the pleadings in a light most favorable to the plaintiff, the allegations in Count II could be fairly construed as a plausible allegation that Bank of New York Mellon, as successor in interest to the Deed of Trust, breached the contract. The Court finds that Grinstead has alleged a plausible claim for breach of contract. Therefore, Defendant Bank of New York Mellon's motion is denied as to this claim.

*Breach of Implied Covenant of Good Faith and Fair Dealings*

In Count IV, Grinstead alleges that Specialized Loan Servicing fraudulently inflated his income, preventing him from being eligible for a modification under HAMP, and encouraged him to continue making mortgage payments under the premise that he was being processed for a loan modification.

Under Mississippi Law "[a]ll contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Limbert v. Miss. Univ. for Women Alumnae Ass'n*, 998 So. 2d 993, 998 (¶ 11) (Miss. 2008) (citing *Morris v. Macione*, 546 So. 2d 969, 971 (Miss. 1989)). Good faith is "the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party." *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992). Bad faith requires "a showing of more than bad judgment or negligence; rather, 'bad faith' implies some conscious wrongdoing 'because of dishonest purpose or moral obliquity.'" *Univ. of S. Miss. v. Williams*, 891 So. 2d 160, 170–71 (¶ 24) (Miss.2004) (quoting *Bailey v. Bailey*, 724 So. 2d 335, 338 (¶ 9) (Miss.1998)). A party does not breach the "implied covenant of good faith and fair dealing when the party 'took only those actions which were duly authorized by the contract.'" *Limbert*, 998 So. 2d at 999 (¶ 14) (quoting *Gen. Motors*

*Acceptance Corp. v. Baymon*, 732 So. 2d 262, 269 (¶ 29) (Miss.1999)); *Ravenstein v. Community. Trust Bank*, 141 So. 3d 396, 403-04 (¶ 27) (Miss. Ct. App. 2013), cert. granted, 132 So. 3d 579 (Miss. 2014).

Grinstead's allegations in Count IV must allege an agreed purpose and bad faith in order to establish a plausible claim for relief for breach of the implied covenant of good faith and fair dealing. Grinstead does not allege an agreed purpose: "a purpose which is consistent with justified expectations," *Cenac*, 609 So. 2d at 1272, or bad faith. *Univ. of S. Miss*, 891 So. 2d at 170. Instead, the allegations in Count IV explicitly demand relief based on a denial for loan modification under HAMP. As discussed above, HAMP does not create a private right of action, and according to the information brought before this Court by Grinstead, his loan modification application is still pending. *Law*, 587 F. App'x at 790 (citing *Pennington*, 493 F. App'x. at 548; *Miller*, 677 F.3d at 1113)).

For these reasons, Grinstead has failed to state a claim in Count IV upon which relief can be granted, and Specialized Loan Servicing's Motion to Dismiss is granted as to this claim.

### *Negligent Impairment of Credit*

In Count VI Grinstead alleges that Specialized Loan Servicing failed to honor the loan modification causing him to remain in default, suffer monetary loss, a reduction in principal value, the impairment of his credit, full acceleration of his mortgage, and foreclosure.

Grinstead does not allege that he was ever approved for a loan modification, or that any form of loan modification was ever agreed upon. To the contrary, Grinstead's Complaint [2] alleges, and the attached documents also demonstrate, that Grinstead's applications and requests for a loan modification were repeatedly denied. At most, Grinstead alleges that he discussed a proposed resolution in September of 2011 with a Bank of America representative. Grinstead goes

on to allege that he was never informed by Bank of America about the status or approval for a loan modification. None of the allegations related to the proposed resolution involve Specialized Loan Servicing. It is also clear from the face of the pleadings that Grinstead's application for a loan modification under HAMP is still pending. Applying the "common sense" review from *Iqbal* for whether a plaintiff has stated a plausible claim for relief under 12(b)6, it is clear that Specialized Loan Servicing could not have failed to honor a loan modification that never existed. *Iqbal*, 556 U.S. at 663, 129 S.Ct. 1937.

Grinstead has failed to state a claim in Count VI upon which relief can be granted, and Defendant Specialized Loan Servicing's Motion to Dismiss is granted as to this claim.

*Fraudulent Misrepresentation*

In Count VII, Grinstead alleges that Defendant Specialized Loan Servicing engaged in fraud by refusing to acknowledge a modification agreement between Grinstead and Bank of America, and by fraudulently inflating his income in order to prevent him from qualifying for a modification under HAMP that he was otherwise qualified for.

Grinstead's Count VII claim is directly and inextricably linked with his application for a loan modification under HAMP. Notably, Grinstead does not allege that he was ever approved for a HAMP modification, but that he was qualified for a HAMP modification and Specialized Loan Servicing thwarted his approval. As discussed above, HAMP does not create a private right of action, and according to the information brought before this Court by Grinstead, his loan modification application is still pending. *Law*, 587 F. App'x at 790 (citing *Pennington*, 493 F. App'x. at 552; *Miller*, 677 F.3d at 1113)).

Even if Grinstead could support a claim for fraud independent of his application for a loan modification under HAMP, the fraud that Grinstead alleges is based on a future promise to

modify his loan. Under well-settled Mississippi law, a claim for relief from fraud "cannot be based on future promises." *Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 100 (¶ 12) (Miss. 2008) (a promise to lend money in the future cannot be the basis for recovery under a theory of fraud); *Pennell v. Wells Fargo Bank, N.A.*, 507 F. App'x 335, 339 (5th Cir. 2013) (applying Mississippi Law and holding that a mortgagee's representation of possible future loan modification is a promise of future conduct upon which a claim for relief cannot be based). In light of this established doctrine, Grinstead's claim is clearly based on a future promise, and he has not established a plausible claim for relief for fraudulent misrepresentation.

Federal Rule of Civil Procedure 9(b) requires allegations of fraud to be plead with heightened particularity. Rule 9(b) states: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The particular circumstances include "the time, place, and contents of the fraudulent representation." *Anderson v. Equitable Life Assur. Soc. of U.S.*, 248 F. Supp. 2d 584, 593 (S.D. Miss. 2003). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

Under Mississippi law, the elements of a fraudulent or intentional misrepresentation are: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury. *Trim v. Trim*, 33 So. 3d 471, 478 (¶ 19) (Miss. 2010) (citing *McCord v. Healthcare Recoveries, Inc.*, 960 So. 2d 399, 406 (¶ 17) (Miss. 2007)).

Grinstead's Complaint [2] does not identify any particular statements as fraudulent, or even a specific speaker that could qualify as the initial "who" in the analysis of a fraud claim. Instead, his Complaint [2] only contains the general allegation that Specialized Loan Servicing fraudulently inflated his income. Grinstead does not specify the "who, what, when, where, and how" required under the heightened pleading standard of Rule 9(b).

For the above reasons, Grinstead has failed to state a claim in Count VII upon which relief can be granted, and Defendant Specialized Loan Servicing's Motion to Dismiss is granted as to this claim.

*Sur-Reply*

Plaintiff Grinstead has also filed a Motion for leave to file a sur-reply [27] relevant to the instant motion [6]. Defendants Bank of New York Mellon and Specialized Loan Servicing oppose the Plaintiff's filing of a sur-reply and have filed their own Motion to Strike [35]. The Court has reviewed the Sur-Reply, which highlights a clause of the Deed of Trust already before the Court in an effort to provide a more substantial basis for the Plaintiff's claims. The referenced clause of the Deed of Trust provides that successors in interest to the Deed of Trust must honor earlier loan modifications. Because the Court has found above that a loan modification was never executed or finalized in this case, this clause has no additional effect on the Court's ruling on the instant motion. For these reasons, the Plaintiff's Motion to file a sur-reply [27] is GRANTED, and the Defendant's Motion to Strike [35] is DENIED.

*Conclusion*

The Court finds that Plaintiff Grinstead has carried his burden under the liberal pleading standards allowed by Federal Rules of Civil Procedure 12(b)(6) for Count II, breach of contract

against Bank of New York Mellon as the successor in interest to the deed of trust. Therefore, Defendant Bank of New York Mellon's Motion to Dismiss as to Count II is DENIED.

However, the Plaintiff has not met his burden on his claims against Specialized Loan Servicing as to: Count IV, Breach of Implied Covenant of Good Faith and Fair Dealings, Count VI, Negligent Impairment of Credit, or Count VII Fraudulent Misrepresentation. Defendant Specialized Loan Servicing's Motion to Dismiss is GRANTED as to Counts IV, VI, and VII. Because Grinstead withdrew his fifth cause of action, there are no remaining claims against Specialized Loan Servicing and they are DISMISSED as a party defendant.

**SO ORDERED this the 24th day of September, 2015.**

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**